KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
KELLY CURTIS BOWERS (Cal. Bar No. 164007)
Email: Bowersk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine Zoladz. Patel, Associate Regional Director
Jennifer Barry, Acting Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Applicant,<br><br>vs.<br><br>BRIAN LAM, NINESQUARE CAPITAL PARTNERS, LLC, AND NINESQUARE INVESTMENT, LP,<br><br>Respondents. | Case No. Case No. 2:22-mc-00088<br><br>**SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS** |

## I. INTRODUCTION

The Securities and Exchange Commission ("SEC") asks this Court to compel Brian Lam ("Lam"), NineSquare Capital Partners, LLC ("NCP"), and NineSquare Investment, LP ("NSI") (together, "Respondents") to produce documents and Lam to appear for investigative testimony pursuant to SEC administrative subpoenas.

The subpoenas relate to the SEC's ongoing, nonpublic investigation to determine whether Respondents have violated the antifraud provisions of the federal securities laws in raising over $10 million from investors, primarily members of the Vietnamese-American community.

As part of the investigation, Respondents were subpoenaed to produce documents, and Lam was subpoenaed to appear for testimony. Lam was personally served with the subpoenas in his personal capacity and in his capacity as NCP's managing member and registered agent and as NSI's general partner. Respondents have failed to respond to the subpoenas in any manner—they failed to produce any documents, Lam failed to appear for testimony, and they have failed to request any extension for the document production or reschedule Lam's testimony. The SEC now asks the Court to compel Respondents to comply with the subpoenas.

## II. STATEMENT OF FACTS

### A. The SEC's Investigation and Respondents' Involvement

On December 7, 2021, the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation titled *In the Matter of NineSquare Capital Partners, LLC* (SEC File No. LA-5286) ("Formal Order"). *See* Declaration of Kelly Curtis Bowers ("Bowers Decl.") ¶ 4, Ex. 1. Among other things, the Formal Order empowers the SEC staff to investigate whether Respondents have violated or are continuing to violate the antifraud provisions of the federal securities laws. *Id.* The Formal Order also designates and authorizes certain SEC staff to issue subpoenas to obtain documents and to take testimony. *See id.*

SEC staff has uncovered information indicating that: (1) Respondents have

raised over $10 million from investors, almost all of whom appear to be members of the Vietnamese-American community; (2) Lam has told investors that he was using their money to profitably trade securities on their behalf; and (3) Lam has transferred only $5 million, or half the money raised from investors, to an offshore brokerage account. Bowers Decl. ¶ 7.

**B. The SEC's Subpoenas**

Pursuant to the Formal Order, on February 3, 2022, SEC staff issued administrative subpoenas to Respondents that required them to produce documents by February 24, 2022, and Lam to appear for investigative testimony on March 16 and 17, 2022. Bowers Decl. ¶ 8, Exs. 4-6. The subpoenaed documents concerned Respondents' securities offering, including their communications and agreements with investors, accounting records, and bank and brokerage records. Bowers Decl. ¶ 8, Exs. 4-6.

The cover letter to the subpoenas advised Respondents that if they failed to comply with the subpoenas, they could be subject to a subpoena enforcement action filed in a United States District Court and that failure to comply with the subpoenas without just cause was a misdemeanor that could punished by a fine of not more than $1,000 and/or imprisonment of not more than one year. Bowers Decl. ¶ 8, Exs. 4-6.

On February 20, 2022, Lam was personally served with the subpoenas, in his personal capacity and in his capacity as managing member and registered agent of NCP and as general partner of NSI. Bowers Decl. ¶ 9, Exs. 7-9.

**C. Respondents' Failure to Respond to the Subpoenas**

Respondents have failed to respond to the subpoenas in any manner. Respondents failed to produce the required documents by February 24, 2022, and have failed to request an extension of the production date. Similarly, Lam did not appear for his testimony on March 16, 2022, did not respond to an email asking whether he would appear for testimony on March 17, 2022, and has not requested to reschedule his testimony. Bowers Decl. ¶ 10, Ex. 10.

## III. ARGUMENT

Respondents' ongoing refusal to comply with the SEC's administrative subpoenas is hindering and delaying the SEC staff's investigation to determine whether Respondents have violated or are continuing to violate the antifraud provisions of federal securities laws. Accordingly, the SEC now asks the Court to compel Respondents to produce documents responsive to the subpoenas and Lam to appear for investigative testimony.

### A. This Court Has Jurisdiction to Enforce the SEC's Subpoenas in a Summary Proceeding

The SEC is authorized to seek court orders compelling compliance with its subpoenas. *See* 15 U.S.C. §§ 77v(b), 78u(c), & 80b-9(c). District courts are granted jurisdiction over such subpoena enforcement actions. *See* 15 U.S.C. §§ 77v(b), 78u(c), & 80b-9(c).

An SEC subpoena enforcement action may be brought in any federal court "within the jurisdiction of which such investigation or proceeding is carried on." *See* 15 U.S.C. § 78u(c). This Court therefore "has jurisdiction over the instant subpoena enforcement action because the [SEC]'s Los Angeles Regional Office is conducting this investigation." *SEC v. Custodian of Records R.R. Donnelley & Sons Co.*, 2012 WL 12930953, at *1 (C.D. Cal. Oct. 11, 2012); *see also In re Application to Enforce Admin. Subpoena of the SEC v. Bobby Jones*, 2013 WL 6536085, at *2 (C.D. Cal. Dec. 13, 2013) (denying motion to change venue in subpoena enforcement action).

The Court may grant an application to enforce SEC subpoenas in a summary show cause proceeding. *EEOC v. St. Regis Paper Co.-Kraft Div.*, 717 F.2d 1302, 1304 (9th Cir. 1983) ("[a] subpoena enforcement action is a summary procedure" with no discovery absent "exceptional circumstances"); *see also SEC v. McCarthy*, 322 F.3d 650, 655-59 (9th Cir. 2003) (court may enforce SEC subpoena in summary proceeding "upon application from the Commission"); *SEC v. Sprecher*, 594 F.2d 317, 319-20 (2d Cir. 1979) (courts may enforce a subpoena in summary proceeding

"upon application by the Commission").

A summary procedure is appropriate because the SEC "must be free without undue interference or delay to conduct an investigation which will adequately develop a factual basis for a determination as to whether particular activities come within the Commission's regulatory authority." *SEC v. Brigadoon Scotch Distributing Co.*, 480 F.2d 1047, 1053 (2d Cir. 1973).

**B. The SEC's Subpoenas Should Be Enforced**

SEC subpoenas should be judicially enforced if: (1) the "investigation will be conducted pursuant to a legitimate purpose," (2) the subpoenas seek information that "may be relevant to the purpose," (3) "the information sought is not already within the [SEC's] possession," and (4) all "administrative steps required…have been followed." *United States v. Powell*, 379 U.S. 48, 57-58 (1964) (enforcing IRS subpoena); *SEC v. Blackfoot Bituminous, Inc.*, 622 F.2d 512, 513-14 (9th Cir. 1980).

Indeed, courts routinely grant relief in SEC subpoena enforcement proceedings upon the requisite showing. *See R.R. Donnelley & Sons*, 2012 WL 12930953; *SEC v. Tajyar*, 2018 WL 6313475 (C.D. Cal. Oct. 15, 2018) (Rozella, Mag. J.), *adopted by* 2018 WL 6308106 (C.D. Cal. Nov. 30, 2018).

An affidavit from a government official is sufficient to establish that the *Powell* requirements have been met. *See RNR Enters., Inc. v. SEC*, 122 F.3d 93, 97 (2d Cir. 1997); *see also Harman Wright Group*, 2018 WL 6102758, at *2 (SEC's burden is a "slight one" generally satisfied by an affidavit from the agent seeking enforcement).

In this case, all of the requirements are met for enforcement of the SEC's subpoenas. First, the SEC's investigation is being conducted pursuant to a lawfully authorized and legitimate purpose. "The provisions vesting the SEC with power to issue and seek enforcement of subpoenas are expansive." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 743 (1984). Congress gave the SEC broad authority to conduct investigations and to demand the production of evidence relevant to such investigations. *O'Brien, Inc.*, 467 U.S. at 741. This authority includes the power to

"subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records which the Commission deems relevant or material to the inquiry." 15 U.S.C. § 78u(b); *see also* 15 U.S.C. § 77t(a).

Here, by issuing the Formal Order, the SEC authorized its staff to investigate whether Respondents have violated or are continuing to violate the antifraud provisions of the federal securities laws. Bowers Decl. ¶ 4, Ex. 1. The SEC's investigation and the subpoenas served on Respondents are unquestionably within the scope of the Formal Order and the SEC's authorized law-enforcement powers.

Second, the information sought by the subpoenas is relevant to the SEC's investigation. In SEC investigations, "the notion of relevancy is a broad one. An agency can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not. So long as the material requested *touches* a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Flatt v. SEC*, 2010 WL 1524328, at *5 (S.D. Fla. Apr. 14, 2010) (quoting *Sansend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989)); *see also Rosiere v. SEC*, 2010 WL 489526, at *3 (D. Nev. Feb. 5, 2010); *Gewerter v. SEC*, 2016 WL 4074117, at *2 (D. Ariz. July 29, 2016).

The relevancy required to enforce an investigative subpoena is much broader than in litigation. *See Nelson v. SEC*, 2008 WL 2444794, at *2 (N.D. Cal. June 16, 2008). The Ninth Circuit has noted that "'[t]he scope of the judicial inquiry in an…agency subpoena enforcement proceeding is quite narrow.'" *EEOC v. Karuk Tribe Housing Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (quoting *EEOC v. Children's Hosp. Med. Ctr. Of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc)). Thus, a court must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency. *Karuk Tribe Housing Auth.*, 260 F.3d at 1076; *see also Endicott Johnson*

*v. Perkins*, 317 U.S. 501, 509 (1943); *Administrator, US EPA v. Alyeska Pipeline Serv. Co.*, 836 F.2d 443, 447 (9th Cir. 1988); *Harman Wright Group*, 2018 WL 6102758, at *2.

In addition, to subpoena documents, the SEC need not make out a "probable" or "reasonable" cause showing. *SEC v. Howatt*, 525 F.2d 226, 229 (1st Cir. 1975); *see also U.S. v. Church of Scientology of Cal.*, 520 F.2d 818, 821 (9th Cir. 1975) (federal agency "need not meet any standard of probable cause to obtain enforcement of its summons").

The minimal relevance required to enforce these subpoenas is easily satisfied here. The SEC is investigating whether Respondents have violated or are continuing to violate the antifraud provisions of the federal securities laws. The subpoenas seek basic information regarding what Respondents represented to the investors and what they have done with those investors' money. Accordingly, the SEC's subpoenas meet the relevance requirement to its lawful investigation.

Third, the documents and information sought are not in the SEC's possession. Respondents have not produced any documents required by the subpoenas. Moreover, Lam has not appeared for testimony, and therefore the SEC lacks complete information regarding, among other things, his oral communications with investors.

Fourth, the SEC has satisfied all of the administrative prerequisites. The federal securities laws authorize the SEC to compel the attendance of witnesses and require the production of any books, papers, or other documents that the SEC deems relevant or material to its investigation. *See* 15 U.S.C. §§ 77s(c), 77u(b), & 80b-9(c). Here, the SEC's subpoenas were issued pursuant to a Formal Order and signed by an SEC attorney designated by the Formal Order to issue subpoenas. *See* 17 C.F.R. § 200.30-4(a)(1). Lam was personally served with the subpoenas, which is a valid form of service. 17 C.F.R. §§ 203.8, 201.232(c) & 201.150(d). Nevertheless, Respondents have not produced any documents and Lam failed to appear for testimony, as the subpoenas require.

**C. Respondents Have No Valid Basis for Not Complying with the SEC's Subpoenas**

Because the SEC has established that its subpoenas were lawfully issued, the burden shifts to Respondents to establish an affirmative defense for not complying with the subpoenas. Respondents bear a heavy burden when "the agency inquiry is authorized by law and the materials sought are relevant to the inquiry." *Brigadoon Scotch Dist. Co.*, 480 F.2d at 1056; *see also U.S. v. Jose*, 131 F.3d at 1328 (after *prima facie* case made to enforce investigative summons, heavy burden fell on respondent); *Blackfoot Bituminous*, 622 F.2d at 515 (respondent has burden of showing defense to enforcement).

Respondents will not be able to meet this high burden. Respondents have failed to respond to the subpoenas in any way—Respondents have produced no documents and/or failed to appear for testimony and have given no indication that they will comply with the subpoenas. Respondents simply have no justifiable excuse for their noncompliance.

## IV. CONCLUSION

The SEC respectfully requests that the Court grant its application and issue: (i) an order, in the form submitted, requiring Respondents to show cause why they should not be ordered to comply with the subpoenas; (ii) if Respondents fail to show adequate cause to support their refusal to comply with the subpoenas, an order requiring them to comply immediately with the subpoenas to produce all responsive documents and appear for testimony by audio-visual teleconference means, using the Webex internet platform; and (iii) such other and further relief as may be necessary and appropriate to achieve compliance with the subpoenas directed to Respondents.

Dated: April 8, 2022

Respectfully submitted

*/s/ Kathryn C. Wanner*

Kathryn C. Wanner
Kelly Curtis Bowers
Attorneys for Plaintiff
Securities and Exchange Commission